| | |
|---|---|
| 1 | **DICKINSON WRIGHT PLLC** |
| 2 | JOHN L. KRIEGER<br>Nevada Bar No. 6023 |
| 3 | Email: jkrieger@dickinson-wright.com<br>STEVEN A. CALOIARO |
| 4 | Nevada Bar No. 12344 |
| 5 | Email: scaloiaro@dickinsonwright.com<br>8363 West Sunset Road, Suite 200 |
| 6 | Las Vegas, Nevada 89113-2210<br>Tel: (702) 550-4400 |
| 7 | Fax: (702) 382-1661 |
| 8 | *Attorneys for Plaintiff* |
| 9 | *Penn Engineering & Manufacturing Corp.* |

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| PENN ENGINEERING & MANUFACTURING CORP., a Delaware Corporation<br><br>Plaintiff,<br><br>v.<br><br>SHENZHEN KOSTER METAL PRODUCTS CO., LTD.,<br><br>Defendants. | CASE NO. 2:18-cv-02082-GMN-PAL<br><br>**MOTION TO ENLARGE TIME TO SERVE COMPLAINT AND SUMMONS** |

Plaintiff Penn Engineering & Manufacturing Corp. ("PENN"), by and through its counsel, the law firm of Dickinson Wright PLLC, hereby moves this Court for an Order extending the time permitted to serve the Summons and Complaint upon Defendant Shenzhen Koster Metal Products Co., Ltd. ("Shenzhen") on the grounds that service upon Shenzhen must be made in a foreign country pursuant to Federal Rules of Civil Procedure 4(h)(2) and 4(m), and good cause exists to extend the 90-day service deadline an additional six (6) months.

/ / /

/ / /

/ / /



1

**MEMORANDUM OF POINTS AND AUTHORITIES**

A.  **STATEMENT OF FACTS**

On October 30, 2018, PENN filed a Complaint in the above-captioned court and a summons was issued. (ECF No. 1; ECF No. 2) Although venue is proper in the District of Nevada pursuant to 28 U.S.C. § 1391, Defendant Shenzhen is a Chinese entity that maintains its principal place of business in Shenzhen, Guangdon, China. The Peoples' Republic of China became a member of the Hague Convention in 1987.[1] As such, service upon Defendant Shenzhen must comply with the terms set forth in the Hague Convention pursuant to Rule 4(h)(2). PENN's 90-day time period in which to serve the Summons and Complaint is set to expire on January 28, 2019.

Despite good faith efforts by counsel to verify the specific and complex requirements of service of process in China under the Hague Convention, and despite making inquiries into service of process of Defendant Shenzhen with international process service companies, PENN has been unable to effectuate service of process within the 90-day time period set forth in Rule 4(m) due to the complexity, expense, and time-consuming nature of service in compliance with the Hague Convention.

B.  **THIS COURT SHOULD GRANT PENN AN EXTENSION OF TIME TO SERVE SHENZHEN**

Under Rule 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court-on motion or on its own after notice to the plaintiff-must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). However, if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. *Id.*

Good cause exists in the instance case for the Court to extend the time period for service of Shenzhen. Rule 4(m) provides two avenues for relief should a plaintiff fail to effectuate service within the 90-day time period. *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009). "The first is mandatory: the district court must extend time for service upon a showing of good

---

[1] *See* https://www.hcch.net/en/states/hcch-members/details1/?sid=30 (last visited January 28, 2019).

cause." *Id.* (citing *In re Sheehan*, 253 F.3d 507, 512 (9th Cir.2001)). "The second is discretionary: if good cause is not established, the district court may extend time for service upon a showing of excusable neglect." *Id.*

Here, Plaintiff has shown good cause to extend the time for service due to the complexity, expense, and time-consuming nature of service in compliance with the Hague Convention. Plaintiff has been diligent in attempting to effectuate service but has encountered difficulties in complying with the service requirements under the Hague Convention. Plaintiff's efforts in complying with the Hague Convention demonstrate good cause to extend the time for service.[2]

However, in addition to Plaintiff's diligent efforts to effectuate service, this Court should exercise its discretion and grant additional time for service upon Defendant Shenzhen. *Lemoge*, 587 F.3d at 1198. At a minimum, Plaintiff's efforts in attempting to serve through the Hague Convention constitute excusable neglect due to the complex and time-consuming nature of the same.

For these reasons, good cause exists for this Court to grant PENN an additional six (6) months in which to effectuate service upon Shenzhen, up to and including July 28, 2019.

//
//
//
//
//
//
//
//
//
//
//

---

[2] Rule 4(m) expressly provides "[t]his subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1)." Fed. R. Civ. P. 4(m).



## C. CONCLUSION

Based on the foregoing, PENN respectfully requests this Court extend the time for PENN to effectuate service of process of the Summons and Complaint in this matter by six (6) months, up to and including July 28, 2019.

DATED this 28th day of January, 2019.

DICKINSON WRIGHT, PLLC

JOHN L. KRIEGER
Nevada Bar No. 6023
STEVEN A. CALOIARO
Nevada Bar No. 12344
8363 West Sunset Road, Suite 200
Las Vegas, Nevada 89113-2210
Tel: (702) 550-4400
Fax: (702) 382-1661
*Attorneys for Plaintiff*
*Penn Engineering & Manufacturing Corp.*

**IT IS SO ORDERED** this 31st day of January, 2019.

Peggy A. Leen
United States Magistrate Judge



4